FILED
United States Court of Appeals
Tenth Circuit

June 23, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KELLI J. COLLIER,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 07-7109
(D.C. No. 6:06-cv-00368-KEW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McCONNELL**, **ANDERSON**, and **BRORBY** Circuit Judges.

_____

Kelli Collier, a supplemental security income claimant, appeals from a

district court order affirming the Commissioner's denial of benefits. She claimed

that her mental impairments disabled her on March 1, 2005, but after conducting a

hearing, an Administrative Law Judge (ALJ) concluded at step four of the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

five-step sequential evaluation process, *see* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step process), that Ms. Collier was not disabled because she retained the residual functional capacity (RFC) to perform a wide range of simple, repetitive, non-public contact work at all exertional levels. The Appeals Council denied review, and a magistrate judge acting with the consent of the parties affirmed the ALJ's decision.

The Appeals Council's denial of review renders the ALJ's opinion the final agency decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). We review that decision to ensure that "the factual findings are supported by substantial evidence in the record and . . . the correct legal standards were applied." *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). In so doing, we neither reweigh the evidence nor retry the case, but "examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

Ms. Collier's appellate contentions are that: (1) the ALJ ignored probative evidence in the record; (2) substantial evidence does not support her RFC; and (3) she has no past relevant work that would be cause to deny her claim at step four. These are the same contentions Ms. Collier advanced before the district court, which in a cogent and well-reasoned order, found them all unavailing. The magistrate judge determined that the ALJ adequately considered her Global

Assessment of Functioning scores by summarizing a report that contained those scores and discussing other relevant evidence; her RFC accounts for all of her functional limitations; and a proper evaluation of her relevant earnings demonstrates that she was engaged in substantial, gainful activity that qualified as past relevant work.

The magistrate judge accurately and thoroughly analyzed each contention under the same standard that governs our review, and we see no reason to repeat that analysis here. Therefore, having reviewed the parties' briefs, the relevant legal authority, and the administrative record, we AFFIRM the magistrate judge's decision for substantially the same reasons as those articulated in her order dated October 22, 2007.

Entered for the Court


Wade Brorby
Circuit Judge